# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT LEE WILLIAMS,

    Petitioner,

v.

MICHAEL MEISER,

    Respondent.

Case No. 12-CV-604-JPS

**ORDER**

    Petitioner Robert Lee Williams filed a petition for a writ of habeas corpus on May 21, 2012. (Docket #1). The Court reviewed his petition to determine whether, under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court should dismiss the petition summarily if "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." (Docket #15).

    Typically, such a Rule 4 screening involves the examination of a petition to determine whether four factors are present: (1) that the petition avoids statute of limitations bars; (2) that the petitioner has exhausted all of his available state remedies; (3) that the petitioner has avoided procedural default; and (4) that the petition sets forth cognizable constitutional or federal law claims. If those four factors are not present, the Court should dismiss the petition subject to Rule 4.

    In its initial screening order, though, the Court did not reach the latter two of those factors, because it found that the petitioner had not established his exhaustion of state remedies. (Order 3). The Court did, however, first determine that Mr. Williams' petition was timely. (Order 3). Mr. Williams challenges the revocation of his parole in his petition, and that revocation became final on April 26, 2012, which was 90 days after the Wisconsin

Supreme Court denied Williams' petition for a supervisory writ to that court. (Order 3). Despite his petition's timeliness, though, Mr. Williams failed to file any documents that would establish his exhaustion of state remedies. (Order 3).

Therefore, the Court could not proceed further in its screening, and ordered Mr. Williams to file documents that would show he had, in fact, exhausted his claims in state court. (Docket #15).

Mr. Williams has now filed documents in response to the Court's request. (Docket #16). Those documents consist of copies of documents Mr. Williams submitted to the Wisconsin Court of Appeals in seeking a writ of mandamus, the decision of the Wisconsin Court of Appeals denying Mr. Williams' petition for a writ of mandamus, the Wisconsin Supreme Court's *ex parte* denial of Mr. Williams' petition, and a notice from the Clerk of the Wisconsin Supreme Court acknowledging Mr. Williams' filing of his petition with the Wisconsin Supreme Court. (Docket #16, Exs. 1–4).

Unfortunately, none of those documents actually establishes what claims Mr. Williams presented to the Wisconsin Supreme Court. The submitted documents do not include Mr. Williams' petition to the Wisconsin Supreme Court, and therefore this Court is unable to determine whether he presented any of the claims now at issue to the Wisconsin Supreme Court. The Court is also unable to access the records of the Wisconsin Supreme Court to examine Mr. Williams' petition and determine whether it presented the claims he now presents to this Court.

Therefore, the Court is obliged to dismiss this case without prejudice. Mr. Williams' petition failed to establish that he had exhausted his claims, and therefore it is subject to dismissal under Rule 4. The Court gave Mr. Williams the opportunity to correct that defect, and ordered that he file

copies of documentation he previously submitted to the Wisconsin Supreme Court. Mr. Williams failed to do so. As such, despite the fact that Mr. Williams submitted *some* documentation of his appeals process, his petition still fails to establish that he exhausted his claims in state Court, and it is still subject to dismissal. The Court has made ample efforts to determine whether Mr. Williams exhausted his claims, but has been unable to do so.

Due to these facts, the Court will dismiss this matter without prejudice subject to Rule 4, such that if Mr. Williams is able to locate records that would establish the exhaustion of his state claims, he may re-file his petition for a writ of habeas corpus with this Court.

Finally, at the request of Mr. Williams (Docket #17), the Court will direct that the documents he filed pursuant to the Court's prior order be returned to him via mail.

Accordingly,

**IT IS ORDERED** that the petitioner's "Petition for Writ of Habeas Corpus" (Docket #1) be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that the documents submitted by the petitioner in Docket Entry #16 shall be returned to the petitioner.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2012.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge